PEOPLE ex rel. NIGER v. VAN DELL, Constable.

(Supreme Court, Special Term, Erie County. April 2, 1914.)

1. ASSOCIATIONS (§ 2*) — CONSTITUTIONAL LAW (§ 239*) — DISCRIMINATION AGAINST CLASS.

Penal Law (Consol. Laws, c. 40) § 936a, punishing any person who, acting as an officer of any secret fraternal order maintaining lodges, solicits or initiates persons to membership in a lodge on condition of payment of dues, assessments, etc., to any grand officer, unless "elected by or from delegates chosen by members of the local lodges," is invalid as discriminatory against a class, and violates the fourteenth amendment to the federal Constitution.

[Ed. Note.—For other cases, see Associations, Cent. Dig. § 2; Dec. Dig. § 2;* Constitutional Law, Cent. Dig. §§ 694, 696; Dec. Dig. § 239.*]

2. CONSTITUTIONAL LAW (§ 81*)—POLICE POWER.

Where a business is lawful and open to all and beyond the prohibitive power of the Legislature, the right of governmental control must be confined to such reasonable regulation as is designed to conserve the health, safety, morals, peace, and order, or it is invalid as exceeding the legislative power.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 148; Dec. Dig. § 81.*]

Habeas corpus by the People, on the relation of Frank T. Niger against Andrew Van Dell, Constable and Police Officer of the Village of Albion, Orleans County, for the discharge of relator from arrest. Relator discharged.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Elijah W. Holt, of Buffalo, and William J. Hickey, for relator.
John C. Knickerbocker, Dist. Atty., of Albion, for defendant.

WHEELER, J. This is a proceeding by writ of habeas corpus for the discharge of the relator from arrest. The relator was arrested, charged with a violation of section 936a of the Penal Law of the state, in that, while one of the supreme officers of the Order of Owls, he solicited new members to form a new subordinate nest of said order at Albion, N. Y. ·The relator concedes that if the statute he is charged with having violated is valid, he is guilty of the offense, but he challenges the constitutionality of the act, and contends that the statute is invalid because unconstitutional, and his arrest therefore unauthorized.

[1, 2] The sole question, therefore, before the court for consideration is the constitutionality of the act. The act provides:

"Section 936a. Unlawful Dues or Assessments of Certain Secret Fraternities. Any person or persons acting as the general officer, chief officer, grand officer or supreme, or grand officers or body, in and for a ·secret fraternal association, society, order or organization, which maintains in this state local branches, lodges, nests, aeries, divisions, chapters or subdivisions, who shall solicit, receive, invite, admit or initiate any person or persons to membership or to participation in any such local branch, lodge, nest, aerie, division, chapter or subdivision, upon condition that such person shall pay any dues, assessments, money or reward, directly or indirectly, to any grand officer, chief officer, grand officer or supreme, or grand officers or body, unless such grand officer, chief officer, grand officer or supreme, or grand officers or body shall have been chosen or elected by and from delegates chosen by the members of the local branches, lodges, nests, aeries, divisions, chapters or subdivisions of such secret fraternal association, society, order or organization to their regular convention at which such officer shall be elected, shall be guilty of a misdemeanor, punishable by a fine of not less than one hundred dollars or more than two hundred dollars, or by not more than thirty days' imprisonment, or both."

The Order of Owls is a purely unincorporated fraternal association, having subordinate lodges, or nests. It has a supreme governing lodge known as the Home Nest, but the officers of the Home Nest are not chosen or elected by delegates chosen by the members of the subordinate or local nest, or lodge, as prescribed in said act. Therefore, when the relator solicited persons to organize a local nest at Albion, and to pay the initiation fee required by the order, he violated the provisions of the act in question.

Is the act constitutional? Its constitutionality is attacked because it is claimed it interferes with that liberty of action and contract guaranteed every citizen by the Constitution of the state and of the United States. Its constitutionality is defended by the district attorney as a legitimate exercise of the police power vested in the state. Let us examine the law and ascertain just what it prohibits, and what it does not condemn. The act does not condemn or make unlawful fraternal associations where the supreme officers are chosen or elected otherwise than by delegates chosen by members of local branches, lodges, or nests. It does not prohibit the existence of such associations, whether incorporated or unincorporated, or make it unlawful for persons to become members thereof. It does not prohibit the payment of

146 N.Y.S.—63

dues, assessments, or money to any such grand or supreme officer or lodge by members. It does not prohibit others than officers soliciting, inviting, admitting or initiating other persons to become members in any local branch or lodge. It simply makes it a misdemeanor for "any person or persons acting as the general officer, chief officer, grand officer, or supreme, or grand officers or body" in such association to. "solicit, receive, invite, admit, or initiate any person or persons to membership * * * in such local lodge * * * on condition that such person shall pay any dues, assessments," etc., "to any grand officer," etc., "unless such grand officer," etc., "shall have been chosen or elected by delegates chosen by the members of local branches," etc.

In this case, the Order of Owls is an association organized in the state of Indiana in 1904. It has never conducted the business of life insurance, accident insurance, sick or indemnity insurance, or any other form of insurance. So it cannot be claimed to come under the insurance laws of the state, or subject to the control of the Insurance Department. It appears from the evidence to be a purely social and fraternal organization.

The order is governed by a ritualistic system of conferring degrees on its members. On joining a subordinate nest the member receives the first degree. The second degree consists of not more than 150 members chosen from those of the first degree. The third degree of not more than 50 members chosen from the second degree, and the fourth degree is composed of members chosen from the third degree. The members of the fourth degree are the supreme governing body of the order, and control the general policy of the order. It will thus be seen that the chief or governing body of the Order of Owls is not selected by delegates to a general convention chosen from the subordinate nests or lodges, and in soliciting members the relator violated the statute, and the only defense is the alleged unconstitutionality of the statute.

It is urged by the district attorney that the Legislature had the right to pass the statute attacked, by virtue of the police power of the state, for the purpose of preventing fraud and deception by persons pretending to be officers of the order. The statute does not prohibit membership. It does not declare membership in such an organization unlawful or against the policy of the state, but the prohibition is against an officer asking another to become a member of the organization, and the argument advanced is that this is a legitimate exercise of the police power, reserved to the state so as to prevent fraud upon the person solicited. The statute is not addressed to the punishment of fraud where actually committed, but is rather a prohibition against certain acts for fear fraud may be perpetrated. The Legislature might, with equal propriety, and upon the same argument, pass an act prohibiting certain persons trading within the state in order that. they might not possibly perpetrate frauds upon those with whom they deal. Such legislation would clearly violate the right of individual liberty guaranteed every citizen by the Constitution of the state and of the United States. It is not legitimate legislation to prohibit the prosecution of a lawful business or calling because some unscrupulous

person may, in connection with it, perpetrate a fraud. The thing to do is to prohibit and punish the fraud—not the business.

It would seem that if the statute attacked in this proceeding is to be sustained, it can only be upheld upon the theory that its enactment was justified as a proper exercise of the police power reserved to the state. It is the law, however, that when an industry or calling is itself lawful and open to all, and beyond the prohibitive power of the Legislature, the right of government control must be confined to such reasonable enactments as are designed to conserve health, safety, morals, peace, and order. Lochner v. New York, 198 U. S. 45, 25 Sup. Ct. 539, 49 L. Ed. 937, 3 Ann. Cas. 1133; Ives v. South Buf. Ry. Co., 201 N. Y. 305, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156.

"The Legislature, under the guise of police regulation, cannot arbitrarily invade personal or property rights; and, where such regulations are called in question, the test should be whether they have some relation to the public health, morals, or safety, and whether such is, in fact, the end sought to be attained. If not, they should be declared invalid as exceeding legislative power." People v. Ringe, 197 N. Y. 143, 90 N. E. 451, 27 L. R. A. (N. S.) 528, 18 Ann. Cas. 474; Hauser v. Ins. Co., 206 N. Y. 455, 100 N. E. 52, 42 L. R. A. (N. S.) 1139; People v. Jenkins, 202 N. Y. 53, 94 N. E. 1065, 35 L. R. A. (N. S.) 1079; Schnaier v. Hotel Co., 182 N. Y. 83, 74 N. E. 561, 70 L. R. A. 722, 108 Am. St. Rep. 790; People v. Wilber, 198 N. Y. 1, 90 N. E. 1140, 27 L. R. A. (N. S.) 357, 19 Ann. Cas. 626.

For a citation of many other cases enunciating the same doctrine, see the opinion of Judge Werner in the case of Ives v. South Buffalo Ry. Co., 201 N. Y. 271, 94 N. E. 431, 34 L. R. A. (N. S.) 162, Ann. Cas. 1912B, 156.

Applying the tests laid down in these numerous well-considered cases, we think the statute in question must be condemned as unconstitutional and void.

It certainly cannot be claimed the organization of the Order of Owls is an illegal or immoral society. Its charter and declared purposes disprove any such inference. It is essentially a fraternal, social, and charitable organization, differing in no material respects from many other like organizations throughout the country. Its existence, it seems to us, has no relation whatever to the public health, safety, or morals. In fact the existence is not condemned by the act in question. The solicitation of persons to become members of the order, or the payment of dues or assessments to it, is not prohibited. The statute simply arbitrarily declares that no one "acting as the general officer, chief officer, or grand officer," etc., "shall solicit, receive, invite or initiate any person" * * * to membership, unless such grand officer is chosen and elected in some specified manner.

If the order is meritorious and beyond legal condemnation, how can it fairly be said that the method by which officers are chosen to the position they occupy has any relation to public health, morals, or safety? To prohibit such persons from soliciting or initiating new members is the most arbitrary exercise of legislative power; upon no possible theory can it be deemed reasonable. It is, in our opinion, an unjustified discrimination against a class, unsupported by any good or sufficient reason, and violates the fourteenth amendment of the fed-

eral Constitution, providing that no state shall make or enforce any law abridging the privileges or immunities of citizens of the United States, nor deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the law.

We are quite aware of the suggestion made by the higher courts that questions of the constitutionality of statutes should be left by the lower courts to appellate courts, but the decision which should be rendered in this case appears to us so free from doubt that we feel constrained to follow the dictates of our own convictions and judgment in this case, and declare the act upon which the prosecution against the relator is based unconstitutional and void. It follows that the relator should be discharged from arrest.

We think this order should be without costs against the defendant, as he was acting under the authority of the warrant issued to him for execution, and under color of the statute.

So ordered.